JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY FORTNER, et al., <br><br> Petitioners, <br><br> v. <br><br> LAKE COUNTY JAIL, et al., <br><br> Respondents. | Case No. 2:25-CV-00784-MEMF-AJR <br><br> **ORDER DISMISSING HABEAS ACTION WITHOUT PREJUDICE** |

     On January 27, 2025, Andy Fortner and Erin Charles Costigan, *pro se* prisoners in the custody of the Lake County Sherriff's Department at the Lake County Jail, filed a state-court form Petition for Writ of Habeas Corpus (the "Petition"). (Dkt. 1.) Section 2254 empowers the court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the laws of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

     The Court need neither grant the writ nor order a return if "it appears from the application that the applicant or person detained is not entitled thereto." 28

U.S.C. § 2243; see also Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  It is evident from the face of the Petition that the Petition does not intend to challenge the legality of a conviction or otherwise set out a claim of being held in custody in violation of the laws of the Constitution or laws or treaties of the United States.  (See Dkt. 1).  Instead, the Petition appears to seek damages for emotional distress based on alleged violations of the Americans with Disabilities Act.  (Id. at 2-3.)  Accordingly, this Court concludes that the jurisdictional requisite for a Section 2254 habeas petition has not been met.

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [42 U.S.C.] § 1983 action." Muhammad v. Close, 540 U.S. 749, 750 (2004) (*per curiam*) (citation omitted); see Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (habeas is the proper vehicle where the prisoner "seeks either immediate release from prison, or the shortening of his term of confinement" (citation omitted)).  However, claims that "would not necessarily lead to [a prisoner's] immediate or earlier release from confinement" do not fall within "the core of habeas corpus" and must be brought under § 1983. Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (*en banc*) (citation omitted). The Petition challenges conditions of confinement, not the fact or duration of that confinement.  (See Dkt. 1 at 3-7.)  The Petition makes claims related to emotional distress due to the denial of exercise privileges.  (Id.)  As "grounds" for federal habeas relief, the Petition cites to "federal law under the [Americans with Disabilities Act.]"  (Id. at 3.)  Such claims do not fall within the "core of habeas corpus."

The Court considered whether to ignore the erroneous labeling of the Petition and construe this pleading as a civil rights complaint.  "[A] district court may

2

construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." Nettles, 830 F.3d at 936; see also id. ("If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." (citation omitted)).

However, in this instance, any such conversion would result in a duplicative complaint. On the exact same date the Petition was filed, a Civil Rights Complaint pursuant 42 U.S.C. § 1983 based on the same incidents at issue in the instant Petition, and raising substantially the same claims, was filed. (See 2:25-cv-00757-MEMF-AJR, Dkt. 1.) Accordingly, the Court declines to convert the current Petition into a Section 1983 action, as a substantially similar Section 1983 complaint is already pending based on the same allegations.

Consistent with the foregoing, IT IS ORDERED that judgment be entered dismissing this action without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 25, 2025

_____
HON. MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE